[Cite as *Allen-Story v. Story*, 2026-Ohio-3118.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

MONIQUE L. ALLEN-STORY,　　　　　:

　　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　　No. 115979

　　　v.　　　　　　　　　　　　:

JIMMY STORY,　　　　　　　　　:

　　　Defendant-Appellant.　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 13, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DR-17-365966

---

*Appearances:*

Jimmy Story, *pro se.*

MICHELLE J. SHEEHAN, A.J.:

**{¶ 1}** Defendant-appellant Jimmy Story ("Father"), proceeding pro se, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, that overruled his objections to the magistrate's decision and adopted the magistrate's decision following a post-divorce decree hearing held on September 9 and 12, 2025. Father raises several issues challenging

the magistrate's rulings. However, he has failed to provide this court with a transcript of the relevant proceedings necessary to address the issues raised. As a result, we must presume the validity of the lower court's proceedings. Accordingly, we affirm the trial court's judgment.

## I. Procedural History and Relevant Facts

### A. Divorce Decree

{¶ 2} On September 5, 2018, Father and plaintiff-appellee Monique L. Allen-Story ("Wife") were divorced pursuant to a final decree issued by the trial court. Father appealed, challenging multiple aspects of the divorce decree. This court overruled Father's challenges and affirmed the judgment of the trial court. *Allen-Story v. Story,* 2019-Ohio-3888 (8th Dist.).

### B. Post-Decree Litigation

{¶ 3} On December 26, 2024, Father filed a "communication" with the trial court, requesting Wife be held in contempt of court for interfering with his parenting time in violation of the trial court's order. Additional motions were filed by Father, including a motion titled: "Restore physical custody, regain all lost parental rights, or any term which apply/right to not pay for a privilege established by God and the USA Constitution" filed on May 7, 2025; a motion to "hold mother in contempt for denial or visitation for a month" filed on July 11, 2025; and a motion to "award 50/50 split physical shared custody to father; where father picks up child from schools" filed on September 12, 2025.

**{¶ 4}** On May 30, 2025, Father also filed a motion for the judge and magistrate to recuse themselves from the case, in which he accused the magistrate and judge of bias. On June 11, 2025, the trial court denied his motion, noting that Father "presents nothing evidencing bias on the part of this Court."

**{¶ 5}** On August 27, 2025, Mother filed a motion requesting Father be declared a vexatious litigator. A guardian ad litem ("GAL") was also appointed by the court for the couple's minor child. The GAL filed a report and request for fees on September 12, 2025. A post-decree hearing was held before the magistrate on September 9 and 12, 2025.

**{¶ 6}** Following the post-decree hearing, the magistrate issued a decision on October 30, 2025, granting Father's contempt motion, finding that Mother acknowledged that she did withhold parenting time from Father on some occasions, and ordering 14 days of makeup time to occur over the summer of 2026. The magistrate's order denied the remainder of Father's motions.

**{¶ 7}** On November 13, 2025, Father filed his objections to the magistrate's decision. Five days later, Father filed a request for additional time to complete additional objections to the magistrate's decision. The court denied his request for additional time to file additional objections.

**{¶ 8}** On December 16, 2025, the trial court overruled Father's objections and adopted the magistrate's decision in its entirety. In doing so, the court observed that Father "failed to file a Praecipe for the transcript nor an affidavit of evidence. Therefore, the Court must accept the Magistrate's findings of fact and limit its review

to the Magistrate's conclusions of law." The court determined that there were no errors of law in the magistrate's decision.

**C. Appeal**

{¶ 9}   On December 29, 2025, Father filed a timely notice of appeal from the trial court's judgment. On the same day, he filed a motion to have the transcript of the proceedings prepared at the state's expense that was denied the following day, noting that "transcripts at state expense are not granted for civil appeals." Father did not file a transcript of the proceedings with this appeal.

{¶ 10} In his brief, Father raises the following assignments of error read as follows:

> 1.  The trial court committed an abuse of discretion and violated due process by failing to award Father 50/50 shared parenting, despite the mother being convicted of contempt for denying visitation on 12-14 occasions, accepting the mother [sic] word over the father, and minimizing the mothers conviction form [sic] 80 days stated by the mother, 28 to 35 days stated in the guardian report, and only 12 stated by the mother. The judgment should be vacated and remanded back to court.
>
> 2.  The trial court erred as a matter of law and fact by relying upon a fraudulent and incomplete Guardian ad Litem (GAL) report that failed to meet the mandatory requirements of Ohio Sup.R. 48 and modifying parenting time away from the father when the mother was convicted of contempt of court. The judgment should be vacated and remanded back to court.
>
> 3.  The trial court erred by failing to recuse the Magistrate and Judge despite evidence of a conflict of interest and personal bias, specifically regarding the court's financial interest in Title IV-D child support funding. The judgment should be vacated and remanded back to court.
>
> 4.  The trial court violated the Appellant's due process rights by muting the Appellant during the hearings, limiting testimony to 45 minutes,

and preventing the cross-examination of the mother. The judgment should be vacated and remanded back to court.

**{¶ 11}** Mother has not filed an answer brief in this appeal.

## II. Law and Argument

**{¶ 12}** As preliminary matter, we note that Father acted pro se in the trial court and represents himself pro se on appeal. This court recognizes that "a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency." *Saeed v. Greater Cleveland Regional Transit Auth.,* 2017-Ohio-935, ¶ 7 (8th Dist.), citing *Henderson v. Henderson,* 2013-Ohio-2820, ¶ 22 (11th Dist.). As a result, "[p]ro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel." *Id.,* citing *In re Application of Black Fork Wind Energy,* 2013-Ohio-5478, ¶ 22. Thus, we presume that Father "had knowledge of the law, legal procedures, and appellate process, including App.R. 9, regarding [the] burden of demonstrating error on appeal." *Gilles v. Castelli,* 2025-Ohio-460, ¶ 8 (8th Dist.).

**{¶ 13}** Father raises multiple issues in this appeal that arise from the post-decree hearing requiring us to review factual determinations presented to and made by the trial court. To determine the merits of Father's assignments of error, we must consider the underlying facts and determine whether the evidence and testimony presented at the post-decree hearing support the magistrate's decisions and the court's decision adopting the magistrate's order. It must be noted, that when Father

objected to the magistrate's order below, he failed to file a praecipe for the transcript of the hearing or an affidavit of evidence, limiting the trial judge's review to the magistrate's conclusions of law.

{¶ 14} App.R. 9(B)(4) provides that "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." As such, "the appellant . . . is responsible for providing this court with the complete record of the facts, testimony and evidentiary matters necessary to support his [or her] assignment of error so that we can properly evaluate the trial court's decision." *Pedra Props., L.L.C. v. Justmann,* 2015-Ohio-5427, ¶ 15 (8th Dist.). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶ 15} Here, Father has failed to provide a transcript of the proceedings or an appropriate substitute as permitted under App.R. 9(C) or (D). As a result, we are required to presume the validity of the lower court's proceedings and overrule Father's first, second, and fourth assignments of error since each of those assignments of error challenge the magistrate's order arising from factual findings produced at the post-decree hearing held on September 9 and 12, 2025. *Gilles,*

2025-Ohio-460, at ¶ 12 (8th Dist.) (holding that the appellant's failure to provide the court with a transcript or an App.R. 9 alternative requires the reviewing court "to presume the validity of the lower court's proceedings and overrule [the appellant's] assignments of error").

{¶ 16} Accordingly, Father's first, second, and fourth assigned errors for review are overruled.

{¶ 17} With respect to Father's third assigned error for review, he argues that the trial court erred when it failed to recuse itself from this matter alleging a conflict of interest on the basis that the judge and Mother "previously worked for the child support agency." Father also alleges that the magistrate's attendance at the "original five-day trial suggests an improper interest in the case or a personal relationship with the Mother."

{¶ 18} "'The avenue for redress when a party alleges a violation of the Ohio Code of Judicial Conduct or error in a judge's failure to recuse is to file an affidavit of disqualification with the Ohio Supreme Court under R.C. 2701.03.'" *Crenshaw v. Howard,* 2022-Ohio-3914, ¶ 42 (8th Dist.), quoting *State v. Murrill,* 2021-Ohio-1449, ¶ 10 (12th Dist.); R.C. 2701.03(A)("If a judge of the court of common pleas allegedly . . . has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with [R.C. 2701.03(B)].") As a result, a court of appeals

generally lacks "authority to void the judgment of a trial court on [a claim that the judge is biased or prejudiced.]" *Bertalan v. Bertalan,* 2025-Ohio-1443, ¶ 62 (8th Dist.), quoting *Fisher v. Fisher,* 2011-Ohio-5251, ¶ 43 (8th Dist.). Only the chief justice of the Ohio Supreme Court has the authority to make such a determination. *Fisher* at ¶ 43. We note, however, that "'alleged due-process violations . . . may be addressed on appeal.'" *Bertalan* at ¶ 63, quoting *State v. Hunt (In re Thomakos),* 2020-Ohio-6874, ¶ 4. But to the extent that Father alleges that his due-process rights were violated, we are unable to evaluate whether Father was denied a fair proceeding since he failed to file a transcript of the post-decree hearing.

{¶ 19} In sum, we do not have authority to address Father's claims that the trial court had a conflict of interest or was biased against him. And to the extent that he claims his due-process rights were violated, we are unable to evaluate that claim because he failed to file a transcript of the relevant proceedings.

{¶ 20} Accordingly, Father's third assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR